415 A.2d 1226

**COMMONWEALTH of Pennsylvania**

v.

**Joseph KEMPKA, Appellant.**

Superior Court of Pennsylvania.

Submitted March 23, 1979.

Filed Dec. 7, 1979.

James P. Gregor, Assistant Public Defender, Stroudsburg, for appellant.

Ralph A. Matergia, Assistant District Attorney, Stroudsburg, for Commonwealth/appellee.

Before CERCONE, President Judge, and WATKINS and HOFFMAN, JJ.

CERCONE, President Judge:

The sole issue raised in the instant appeal is whether the minimum sentencing procedure established by 19 P.S. § 1057

(1964), and retained in pertinent part by the Sentencing Code, 18 Pa.C.S. § 1356(b) (Supp.1978), is unconstitutional. The gist of appellant's argument is that minimum sentencing procedure constitutes a denial of due process because it vests too great a power in the sentencing judge to predetermine what length of incarceration will be minimally sufficient to meet the rehabilitative needs of a person convicted of a crime. Appellant contends that tying the hands of parole and probation officials, who will subsequently be in a better position than the sentencing judge to determine the need for further incarceration of a particular convict, by not permitting them to grant parole or probation prior to the run-date of the minimum sentence, is arbitrary and capricious.

Appellant derives support for this proposition essentially from two sources: He refers us to the ABA Project, Standards Relating to Sentencing Alternatives and Procedures § 3.2 (Approved Draft 1967).* And, appellant refers us to

* Section 3.2 provides:
3.2 Minimum term.
(a) Because there are so many factors in an individual case which cannot be predicted in advance, it is unsound for the legislature to require that the court impose a minimum period of imprisonment which must be served before an offender becomes eligible for parole or for the legislature to prescribe such a minimum term itself. It is likewise unsound for the legislature to condition parole eligibility upon service of a specified portion of the maximum term.
(b) While recognizing that there are in addition substantial arguments against judicial authority to select and impose minimum sentences, a majority of the Advisory Committee would support a statute which authorizes but does not require the sentencing court to impose, within carefully prescribed legislative limits, a minimum sentence which must be served before an offender becomes eligible for parole.
(c) Minimum sentences are rarely appropriate, and should in all cases be reasonably short. Authority to impose a minimum term should be circumscribed by the following statutory limitations:
(i) The legislature should specify for each of the categories of offenses designated pursuant to Section 2.1(a) the highest minimum period of imprisonment which can be imposed;
(ii) Minimum Sentences as long as ten or fifteen years should be strictly confined to life sentences. Longer minimum sentences should not be authorized;
(iii) In order to preserve the principle of indeterminacy, the court should not be authorized to impose a minimum sentence

cases such as *United States v. Miller*, 361 F.Supp. 825 (D.C.1973), wherein judges have plaintively noted that professional parole and probation officers are better trained than they to determine if and when the rehabilitative function of incarceration has served its purpose in the individual case. Nevertheless, for numerous reasons we disagree with appellant's argument that judicially fixed minimum sentences are unconstitutional, the most salient of which follow.

First, even the ABA Project upon which appellant heavily relies does not entirely condemn minimum sentencing practices; it merely recommends that minimum sentences, when imposed should not exceed one-third of the maximum sentence. ABA Project § 3.2(c)(iii). Furthermore, the Model Penal Code recommends the use of minimum sentences. See Model Penal Code § 6.01 *et seq.* (P.O.D. 1962). Consequently, the legislature's grant of authority to the courts to establish a minimum sentence of no more than one-half the maximum can hardly be deemed arbitrary and capricious.

Second, in cases such as *Commonwealth v. Butler*, 458 Pa. 289, 328 A.2d 851 (1974), the Supreme Court has held, as

which exceeds one-third of the maximum sentence actually imposed;

(iv) The Court should not be authorized to impose a minimum sentence until a presentence report (sections 4.1–4.5), supplemented by a report of the examination of the defendant's mental, emotional and physical condition (section 4.6), has been obtained and considered;

(v) The court should be directed to consider prior to the imposition of a minimum term whether making a non-binding recommendation to the parole authorities respecting when the offender should first be considered for parole will satisfy the factors which seem to call for a minimum term. Such a recommendation should be required to respect the limitations provided in subsections (ii) and (iii);

(vi) Imposition of a minimum sentence should require the affirmative action of the sentencing court. The court should be authorized to impose a minimum sentence only after a finding that confinement for a minimum term is necessary in order to protect the public from further criminal conduct by the defendant;

(vii) ·As provided in section 6.2, the court should be authorized to reduce an imposed minimum sentence to time served upon motion of the corrections authorities made at any time.

between males and females, that it is unconstitutional to require males to receive minimum sentences (thereby determining a particular date for parole eligibility), and to prohibit females from receiving such sentences. It is inconceivable that the Supreme Court would prefer minimum sentences to no-minimum sentences in equal protection cases if minimum sentences were unconstitutional. Rather, the Court would have held that males, not females, were denied equal protection of the laws.

Third, even if it were conceded that quasi-judicial officers such as parole and probation professionals are better trained to measure the rehabilitation needs of individual prisoners, it cannot be said that they are trained or equipped to measure societal interests in other goals of imprisonment such as deterrence and punishment. Through the minimum sentencing procedure the legislature has empowered the courts to make such judgments on a case by case basis. That being an appropriate legislative judgment, appellant's point would be better made to the legislature than to the courts.

And, finally, appellant's argument relies heavily upon the fallacy of reading the minimum sentencing provision out of the context of the Sentencing Code. The Code arms the sentencing court with a panoply of alternatives, including provisions for input in sentencing determination from professionals such as those in whose hands appellant prefers to rest his fate.

For the foregoing reasons we find appellant's argument that minimum sentences constitute a denial of due process to be overstated.

Judgment of sentence affirmed.